UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK LIPONOGA, JR.,

    Plaintiff,

v.

AMERICAN HOME MORTGAGE
SERVICING INC., et al.,

    Defendants.
_____/

Case No. 12-CV-12829

HON. GEORGE CARAM STEEH

### ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. # 14)

### INTRODUCTION

This case stems from the foreclosure of plaintiff Frank Liponoga's home in Holly, Michigan, which Liponoga challenges in these proceedings. Presently before the court is defendants' motion for judgment on the pleadings, and in the alternative for summary judgment. Because the court finds that defendants are entitled to judgment on each of Liponoga's claims, defendants' motion is granted.

### BACKGROUND

Liponoga resides in a home at the address of 13817 South Pinegrove Road in Holly, Michigan (the "property"), concerning which he entered into a mortgage loan transaction in January 2007, executing both a promissory note in the amount of $190,035.00 and a mortgage, payable and/or given to Option One Mortgage Corporation ("Option One") with an address of Irvine, California. The mortgage was then assigned by American Home Mortgage Servicing, Inc., as successor-in-interest to Option One, to Wells Fargo Bank,

N.A., as Trustee for Option One Mortgage Loan Trust 2007-4 Asset-Backed Certificates, Series 2007-4, on June 9, 2009. That assignment was recorded with the Livingston County Register of Deeds on June 15, 2009. A second assignment of mortgage was executed between Sand Canyon Corporation, FKA Option One Mortgage Corporation, to Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-4 Asset-Backed Certificates, Series 2007-4 on August 3, 2011 and recorded on August 10 2011. Liponoga stopped making mortgage payments and Wells Fargo foreclosed by advertisement. The property was then sold at a sheriff's sale on December 7, 2011 to a party not subject to this litigation. The six month statutory redemption period expired on June 7, 2012 without redemption by Liponoga.

Liponoga filed this action one day before expiration of the redemption period. Plaintiff's complaint, filed in Livingston County Circuit Court and later removed to the Eastern District of Michigan, alleges (1) wrongful foreclosure under Mich. Comp. Laws Ann. §§ 600.3204(3) and 3204(1)(d) (Counts I & II); (2) violations of the Truth in Lending Act, 15 U.S.C. § 1640 et seq.; (3) fraud through robosigning (only as to defendant American Home Mortgage Servicing, Inc.); and violation of Michigan's Notary Public Act, Mich. Comp. Laws Ann. §§ 555.285(4), 285(5).

Defendants have moved for judgment on the pleadings or, in the alternative, for summary judgment. Oral argument on the motion was heard December 5, 2012. The court's discussion of the grounds for the motion and its disposition thereof is set forth below.

**ANALYSIS**

**Standard of Review**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. See Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008), Grindstaff v. Green, 133 F. 3d 416, 421 (6th Cir. 1998). The Tucker case stated that when this court considers a motion for judgment on the pleadings, "'all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" Tucker, 539 F.3d at 549 (quoting JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007). This court grants a Fed. R. Civ. P. 12(c) motion when "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Winget, 510 F.3d at 582 (internal citations omitted).

**Discussion**

**(I.)** **Standing**

Liponoga asserts claims of "wrongful foreclosure" under Michigan law in his first and second counts. Defendants first point out that Liponoga lacks standing to assert the claims brought here, for the reason that as of the expiration of the redemption period, Liponoga lost all right, title and interest to the property.[1] This argument is based on the fact that "all

---

[1] Liponoga makes a creative but unavailing argument, in response, that the Michigan Supreme Court's holding in Lansing Schools Educ. Ass'n v. Lansing Bd. of Educ., 487 Mich. 349 (2010) impacts this argument.

the right, title, and interest" to the property was vested in the purchaser of the sheriff's deed at the time the redemption period ended under Mich. Comp. Laws. Ann. § 600.3236. For this reason, the former owner of the property lacks the right to assert claims with respect to the property, notwithstanding the filing of a lawsuit prior to the expiration of the redemption period. See Overton v. Mortgage Electronic Registration Systems, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009).

In order to avoid dismissal of his claims on this basis, Liponoga must make a "clear showing of fraud or irregularity," the exception explicitly noted in Overton. The fraud or irregularity must be in the foreclosure process itself. Id. Liponoga does not allege such fraud or irregularity; rather, his claims assert that Wells Fargo had no right to hold an interest in the property, and alternatively that the assignments of mortgage were improper. However, as defendants contend, Liponoga has not shown any inability of Wells Fargo to hold an interest in the property.[2] Furthermore, because Liponoga was not a party to the mortgage assignments of which he complains, he cannot challenge them. See Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 399 F.App'x 97, 102 (6th Cir. 2010). Liponoga thus lost the ability to challenge the foreclosure of his property upon the expiration of the redemption period.

---

[2]Liponoga cites Mich. Comp. Laws Ann. § 555.5, asserting that the Option One Mortgage Loan Trust 2007-4, for which Wells Fargo acts as Trustee, is a "passive trust," and therefore cannot hold interest in property. However, as defendants note, this court disposed of this argument in its earlier case of Carmack v. The Bank of New York Mellon, No. 12-11669, 2012 WL 2389863 at *6, finding that § 555.5 does not apply to a conveyance to an existing trust.

-4-

**(ii.) TILA Claim**

Liponoga's third count is for a violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. His grounds for this claim are that he was "not notified of the ownership transfer of the Note to the Trust." He alleges this was done in violation of the statute, which requires notification within 30 days. See 15 U.S.C. § 1641(g)(1).

As defendants argue, claims under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). The transfer complained of in Liponoga's complaint (the initial transfer of the promissory note to the Option One Mortgage Loan Trust) was, according to Liponoga's own allegations, "[w]ithin 90 days of its execution," which occurred in 2007. (See Complaint at ¶ 11.) Liponoga's complaint was filed in June 2012, more than five years later. The claim is therefore time-barred.[3]

**(iii.) Fraud by Robosigning**

In his fourth count, Liponoga asserts that "DOCX," the company that prepared the first assignment of mortgage, is one of the most "prolific robosigning mills in the country," and claims that DOCX employees have admitted to signing the names of other individuals without knowledge of the documents' contents or authority for the signatures. Liponoga

---

[3] At oral argument, Liponoga asserted a deficiency in the second assignment of mortgage, contending that the Sand Canyon entity had no interest in the mortgage and could not have assigned it, citing a 2011 decision from the District of New Hampshire. Moreover, Liponoga asserted that he did not receive any notice of that assignment, and had "no idea" that Wells Fargo was the assignee of his mortgage. The court notes that this theory of recovery was not presented in either Liponoga's complaint or his briefing. The court notes that even if the argument were properly before this court, the circumstances presented here (i.e. the earlier assignment, as well as the timing of this action–after the redemption period) would not allow for recovery on this basis.

contends that he relied on these "misstatements," or fraud, and thus lost the opportunity to challenge the foreclosure by advertisement prior to the sheriff's sale.

Defendants cite the unpublished Sixth Circuit precedent cited above, Livonia Properties, LLC, as well as the underlying district court decision, for the proposition that a non-party cannot challenge a mortgage assignment. Liponoga does not challenge this with any authority. While exceptions to this proposition exist, as discussed in that case, Liponoga's pleadings do not invoke such an exception. See Livonia Prop. Holdings, 399 F. App'x at 102 (describing defenses obligors may assert to render an assignment "absolutely invalid," to protect against the risk of "having to pay the same debt twice"). There is no risk alleged here of Liponoga being required to pay the same debt twice.

**(iv.)  Notary Public Act**

Liponoga's fifth count alleges a violation of Michigan's Notary Public Act, Mich. Comp. Laws Ann. § 55.297, through the "improper execution and notarization" of the first assignment of mortgage. Liponoga states this has "caused a cloud on the chain of title" resulting in a wrongful foreclosure.

Because Liponoga is a non-party to the assignment about which he complains, this claim must be dismissed for the reasons stated above. As noted by defendants, Liponoga's claim also fails under Fed. R. Civ. P. 8, for the reason that he merely complains of the wrongful conduct of the DOCX company, and does not connect that conduct in any way to the notarization of the document by a Georgia notary. Finally, plaintiff's claim is brought under Mich. Comp. Laws Ann. § 55.297, which sets forth requirements underlying an employer's liability for misconduct of its notary, i.e. that the notary is acting within the scope of his or her employment, with knowledge of the employer. As defendants point out,

the notary who signed the first assignment is not their employee, and Liponoga provides no explanation or authority to support liability on the part of defendants for such notary's misconduct if such occurred.

## **CONCLUSION**

For the reasons stated above, defendants' motion for judgment on the pleadings is hereby GRANTED. The complaint is dismissed in its entirety.

**IT IS SO ORDERED**.

Dated:  December 7, 2012

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 7, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---